```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

WAUSAU UNDERWRITERS INSURANCE       :
COMPANY, and EMPLOYERS              :   HONORABLE JOSEPH E. IRENAS
INSURANCE COMPANY OF WAUSAU,        :
                                    :   CIVIL ACTION NO. 07-1316(JEI)
        Plaintiffs,                 :
                                    :            **OPINION**
        v.                          :
                                    :
STATE AUTOMOBILE MUTUAL             :
INSURANCE COMPANY, STATE AUTO       :
PROPERTY AND CASUALTY INSURANCE     :
COMPANY, ERIE INSURANCE COMPANY,    :
and SCHUYLKILL STONE, INC.,         :
                                    :
        Defendants.                 :


**APPEARANCES:**

JAFFE & ASHER, LLP
By: Marshall T. Potashner
    Krishna J. Shah
600 Third Avenue
New York, NY 10016
    Counsel for Plaintiffs


MCKISSOCK & HOFFMAN, PC
By: John J. Mcgrath
25 Chestnut Street
Suite 108
Haddonfield, NJ 08033
    Counsel for Defendants State Automobile Mutual Insurance
    Company and State Auto Property and Casualty Insurance
    Company

MONTGOMERY CHAPIN & FETTEN
By: Glenn A. Montgomery
745 Route 202/206
Suite 101
Bridgewater, NJ 08807
    Counsel for Defendant Erie Insurance Company

COLLIER & BASIL, PC
By:  Richard F. Collier, Jr.
29 Thanet Road
Suite 201
P.O. Box 3720
Princeton, NJ 08543-3720
     Counsel for Defendant Schuylkill Stone, Inc.

**IRENAS**, Senior District Judge:

This matter relates to a state court action currently pending before the New Jersey Superior Court.  Subsequent to the initiation of the state court litigation, Wausau Underwriters Insurance Company ("Underwriters") and Employers Insurance Company of Wausau ("Employers")(collectively "Wausau" or "plaintiff"), provided liability coverage pursuant to policies under which a defendant in both the federal and state actions, Schuylkill Stone, Inc. ("Schuylkill"), claims to be insured.[1]

As the plaintiff in this action, Wausau raise five claims for relief, three of which are impacted by the motion to dismiss currently before the Court.  Plaintiff first seeks a declaratory judgment requiring Defendants, Erie Insurance Company ("Erie") and State Automobile Mutual Insurance Company ("State Auto"),[2]

---

[1]  According to the state court complaint, plaintiff issued a Commercial General Liability policy for a one year period starting on April 1, 2003. Underwriters issued a similar policy for the following year.

[2]  Wausau refers to State Automobile Insurance Company and State Auto Property and Casualty Insurance Company throughout its complaint, however for the purpose of clarity, we will simply

participate with Wausau in the defense of Schuylkill. (Compl. ¶ 43).[3] Wausau also seeks a monetary award in an amount sufficient to cover its outstanding and future expenses resulting from its defense of Schuylkill in the underlying New Jersey Superior Court action. (Compl. ¶¶ 47-49) Lastly, Wausau seeks to recover attorney's fees incurred as a result of prosecuting the instant action. (Compl. ¶ 51)

Presently before the Court is Erie's motion to dismiss Wausau's complaint pursuant to Fed. R. Civ. P. 12(b)(2)(lack of jurisdiction over the person) and Fed. R. Civ. P. 12(b)(5), (insufficiency of service of process).[4] For the reasons set forth in this Opinion, we will deny Erie's motion in its entirety.

## I.

On October 25, 2005, the Townhomes at Laurel Creek Country Club Condominium Association initiated litigation in New Jersey Superior Court against Toll Brothers, Inc. and Bell Supply Co. seeking damages for Toll Brothers' use of allegedly defective stone fascia in constructing the development.[5] (Compl. ¶ 15)

---

refer to them collectively as "State Auto".

[3] "Compl." refers to the complaint in this federal case.

[4] This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Similarly, venue is proper based upon 28 U.S.C. § 1391(a).

[5] *See The Townhomes at Laurel Creek Country Club Condominium Association v. Toll Brothers, Inc. and Bell Supply Company*, Superior Court of New Jersey, Burlington County, Docket

Subsequently, Bell Supply filed a Third-Party Complaint against Schuylkill Stone, Inc., Eldorado Stone, LLC, and Edward Murphy for providing Bell Supply with the allegedly defective stone facia. (Compl. ¶ 22)

As a result of the Third-Party Complaint, Schuylkill wrote to Wausau requesting a defense in the state court action. (Compl. ¶ 26)  Upon receipt of the request, Wausau advised Schuylkill that it would provide a defense, subject to a complete reservation of rights.  (Compl. ¶ 28)  By letter dated August 20, 2006, Wausau advised Erie and State Auto, the insurers that provided Schuylkill with coverage prior to April 1, 2003, the date upon which Wausau's commercial general liability policy became effective, of the state court litigation and requested that each confirm liability coverage for Schuylkill.  (Compl. ¶ 34)  Both Erie and State Auto disclaimed coverage. (Compl. ¶¶ 35-36)

Upon receiving both Erie and State Auto's responses disclaiming coverage, Wausau filed a Complaint in this Court against Erie, State Auto and Schuylkill seeking monetary and declaratory relief relating to the question of which carrier offers coverage to Schuylkill in the state court case.

On March 28, 2007, Wausau served the Summons and Complaint on Erie by delivering a copy to Mr. L. Chan at Erie's branch

---

No. L-2966-05.

office located at 120 Corporate Woods in Rochester, New York. (Opp'n Aff. Ex. 2)  Wausau obtained the location of Erie's New York branch office from the website of the New York State Insurance Department.  (Opp'n Aff. Ex. 3)  In effecting service, Wausau relied upon the State of New York's laws governing service of process upon corporate defendants.  Upon receiving a copy of Wausau's Summons and Complaint, Erie filed its Answer and Separate Defenses to Plaintiff's Complaint on May 29, 2007, and just over one month later filed the Rule 12(b)(2) and (b)(5) motion currently before the Court. Erie's answer specifically raised the lack of *in personam* jurisdiction as a separate defense. It did not, however, make any reference to any alleged inadequacy of service of process on Erie.

**II.**

When considering a motion to dismiss, the Court must accept as true all well-pleaded allegations in the Complaint and view them in the light most favorable to the nonmoving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true any and all reasonable inferences derived from those facts. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).  In addition to the allegations of the Complaint, the Court may consider documents

attached to or specifically referenced in the Complaint, and matters of public record, without converting the motion to dismiss into one for summary judgment. *See Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

### III.

### A.

As an initial matter, Plaintiff alleges Erie's motion to dismiss is procedurally defective under Fed. R. Civ. P. 12(b)(2) because Erie waited until after filing its Answer to bring the instant motion to dismiss. In support of this proposition, Erie references the Rule 12(b) language, which states in pertinent part: "[a] motion making any of these defenses shall be made *before pleading* if a further pleading is permitted." Fed. R. Civ. P. 12(b) (emphasis added). However, this Rule must be read in conjunction with Rule 12(h)(1) which provides:

> [a] defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made

as a matter of course.

The net effect of reading these Rules together is that any defense available under Rules 12(b)(2) through (5) may be preserved by including it in a pre-answer motion or asserting it the answer. *McCurdy v. American Board of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1997); 2 James Wm. Moore et al., *Moore's Federal Practice*, §§ 12.20, 12.22 (3d ed. 1997). In this case there was no pre-answer motion, but the lack of personal jurisdiction defense over Erie was preserved in its answer.

There is some authority that a Rule 12(b)(2) defense which is preserved in an answer may still be deemed waived by a defendant who does not further press the issue before trial or extensive pretrial proceedings. *Id.* at § 12,31[3]. However, in this matter, Erie filed its Rule 12(b)(2) motion just over a month after the answer was filed. Erie's right to file such a motion was timely and not waived.

**B.**

Under Fed. R. Civ. P. 4(e)(1), personal jurisdiction over a non-resident defendant, such as Erie, is authorized to the extent permissible under the law of the state where the district court is located. *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 31 (3d Cir. 1993) (explaining that District Courts have personal jurisdiction over nonresident defendants to the extent

authorized under the law of the forum state in which the district court sits)); *Eason v. Linden Avionics, Inc.*, 706 F.Supp. 311, 319 (D.N.J. 1989); *Western Union Telegraph v. T.S.I.*, 545 F.Supp. 329, 332 (D.N.J. 1982); *American Tel. & Tel. Co. v. MCI Communications Corp.,* 736 F.Supp. 1294, 1301 (D.N.J. 1990). Thus, with New Jersey serving as the forum state in this particular matter, we must turn to that state's long-arm provisions detailed under N.J.Ct.R. 4:4-4(b)(1)(A).

This rule permits New Jersey courts to exercise personal jurisdiction over non-resident defendants to the constitutional limits of the Due Process Clause of the Fourteenth Amendment. N.J.Ct.R. 4:4-4(a)(6); See *Decker v. Circus Circus Hotel*, 49 F.Supp.2d 743, 745-46 (D.N.J. 1999) (noting that because New Jersey's long-arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution, the question of whether this Court has jurisdiction over the defendant is determined by federal constitutional law)). As such, this Court may only exercise personal jurisdiction over Erie if (1) Erie has certain "minimum contacts" with New Jersey such that it could "reasonably anticipate being haled into court there," *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), and (2) "the assertion of personal jurisdiction would comport with fair play and substantial justice." *see Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 476 (1985).  Consequently, this analysis will seek to determine whether an exercise of personal jurisdiction in this matter may be reconciled with the constitutional guidelines of due process as defined by the United States Supreme Court.

Under a minimum contacts analysis, the Court must first "determine whether the defendant has sufficient contacts with the forum State."  *Burger King*, 471 U.S. at 472.  In measuring the sufficiency of minimum contacts for *in personam* jurisdiction, a court must focus upon the "relationship among the defendant, the forum and the litigation."  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).  This "jurisdictional nexus" must also be the result of intentional conduct by the defendant rather than simply the byproduct of random, fortuitous or attenuated contacts.  *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); Amberson Holdings, 110 F.Supp.2d 332, 334 (D.N.J. 2000).

Erie argues that it does not have the requisite minimum contacts with New Jersey necessary for this Court to exercise personal jurisdiction over it as an out-of-state defendant.  Erie argues that it does not maintain an office in New Jersey, is not licensed or authorized to do business here, and does not, in fact, do business in the State of New Jersey.

-9-

However, accepting these assertions as true, and further assuming that the polices at issue in this case were issued in Pennsylvania to a party doing business in Pennsylvania, nothing in this case suggests that if Schuylkill sustained a covered occurrence or event in New Jersey and was sued in a New Jersey court, the policies would not obligate Erie to defend and indemnify its insured in such an action.  Neither Erie nor Schuikill have furnished copies of any Erie policies which allegedly named Schuikill as an insured, nor has there been any reference to a "territory of coverage clause" or similar language which might shed light on that question.

The New Jersey courts have clearly held that an out-of-state insurer which does no business in New Jersey may still be subject to personal jurisdiction in its courts if (i) its liability policy affords coverage to the insured who is sued in New Jersey in connection with (ii) "a forum related event." *Waste Management Inc. v. Admiral Ins. Co.*, 138 N.J. 106, 128 (1994)[6]; *New Jersey Auto. Full Ins. Underwriting Ass'n v. Indep. Fire Ins. Co.*, 600 A.2d 1243, 1245 (1991) (holding that contractual commitment by non-resident insurance company to defend its insured against claims arising out of accidents occurring in New Jersey constituted sufficient contact with the state to subject the

---

[6] In *Waste Management* the New Jersey Supreme Court emphasized that the only contact the defendant nonresident insurers had with the forum was the territory of coverage clause.

insurance company to suit in New Jersey if an insured has an accident in the state). Clearly, the underlying dispute concerning the construction project of homes in New Jersey is a forum related event.

The Court emphasizes that the finding of personal jurisdiction is not dependant on the ultimate outcome of any coverage disputes. Rather, it depends on the issuance of a policy by an out-of-state insurer which affords some kind of coverage for events occurring in New Jersey where issues of liability or coverage are being litigated in New Jersey.

There is no dispute that the party asserting jurisdiction has the burden of proving *in personam* jurisdiction. 2 James Wm. Moore et al., *Moore's Federal Practice*, § 12.31[4]. However, this court cannot decide this issue without seeing the Erie policies at issue and further briefing on the impact of the *Waste Management* and *New Jersey Auto* cases.  Accordingly, Erie's motion for dismissal under Rule 12(b)(2) will be denied without prejudice to its renewal, with leave granted to Wausau to take discovery directed to the issue, such discovery to be completed within 45 days of the date of this Opinion. This discovery will not be stayed by any motion for reconsideration of this Opinion or the Order issued hereunder.

**IV.**

Although Wausau has argued that Erie's motion under Rule 12(b)(5) has been waived by failure to include such a defense in the answer filed before the instant motion,[7] neither party has distinguished between (i) insufficient service of process based on the argument that there is no personal jurisdiction over the defendant or (ii) insufficient service based on a failure to comply with Fed. R. Civ. P. 4, although most of Erie's legal fire seems directed at the lack of jurisdiction argument.[8]

In *McCurdy* at 157 F.3d 196 the Third Circuit made clear that where the argument under Rule 12(b)(5) is premised on a lack of person jurisdiction, a defendant is "not required to make the identical objection twice, once under Rule 12(b)(2) and again under Rule 12(b)(5). Thus, this Court rejects the waiver argument to the extent that the service is attacked on a lack of personal jurisdiction.  However, the outcome of this motion must await the outcome of any renewed motion direct to the issue of personal jurisdiction.

However, to the extent that Erie is arguing that the method of service did not comply with Rule 4, the failure to include such

---

[7] See discussion at p. 6, *supra.*

[8] Indeed, the very first paragraph of the legal argument in Erie's brief on this motion cites authority for the proposition that no service of process outside the forum state is effective with respect to a defendant who is not subject to personal jurisdiction in the forum state.

a Rule 12(b)(5) argument in a pre-answer motion or in the answer itself is fatal to Erie's ability to assert such argument in a post-answer motion. Rules 12(b) and 12(h)(1)(B).  Erie argued that it raised this issue in its motion for leave to file its answer out of time, but once again that motion seems to refer more to the issue of personal jurisdiction than to defect in the <u>method</u> of service under Rule 4. Indeed, this observation is consistent with the absence of any reference to insufficiency of service of process in the answer itself.  In any case, the court is aware of no authority that allows the contents of a motion for leave to file a late answer to serve as a substitute for either a pre-answer motion under Rule 12(b)(6) or the answer itself.[9]

### V.

Based upon the foregoing reasons, the Court will deny, without prejudice, Erie's Rule 12(b)(2) motion to dismiss , subject, however, to possible renewal following the completion of the limited discovery provided herein.  To the extent that Erie's motion to dismiss pursuant to Rule 12(b)(5) is based on a lack of

---

[9] In its brief on this motion Erie's argument on insufficiency of service of process is based solely on its interpretation of New Jersey Court Rules governing service. Clearly, Rule 4 would permit reliance on such state rules, but also permits other forms of service.  For instance, Rule 4(e)(1) would permit reliance on the law of the state "in which service is effected." See also Rule 4(h)(1). Indeed, Erie has proffered nothing to suggest that the service made on Erie, as shown by the return of service, was not proper under either Rule.

personal jurisdiction, it will be denied without prejudice subject to any further proceedings related to the Rule 12(b)(2) motion. Otherwise, the right to bring such motion is deemed waived for failure to include this defense in either a pre-answer Rule 12(b) motion or in the answer itself, and the motion will be denied with prejudice. The Court will issue an appropriate Order.

Dated: November 30, 2007

        s/   *Joseph E. Irenas*
        **JOSEPH E. IRENAS, S.U.S.D.J.**